CHARLES R. MYERS

*v.*

SAMUEL M. FRIDENBERG et al.

[Argued October 17th, 1905. Decided December 19th, 1905.]

1. The bill demurred to seeks a decree requiring defendants to transfer to complainant certain shares of stock, which he had transferred and delivered to them in a transaction, claimed to be unlawful under the provisions of the "Act to prevent gaming." *2 Gen. Stat. p. 1606.*

2. The bill was not filed until after the lapse of six months from the time of the delivery of the shares to the defendants.—*Held,* that the bill cannot be maintained for any relief under the provisions of section 5 of that act.

3. It is claimed that the bill can be maintained for relief under the provisions of section 2 of that act, and that there is no limitation to actions upon that section. Without considering or deciding upon this claim—*Held,* that the bill discloses that complainant has a complete remedy at law, and shows no ground for equitable relief.

On demurrer to bill.

*Mr. Joseph H. Gaskill,* for the demurrant.

*Mr. Clarence L. Cole, contra.*

MAGIE, CHANCELLOR.

The prayer of the bill is that the defendants be enjoined from selling or disposing of certain shares of stock, or from collecting any dividends thereon, and that they may be decreed to transfer and assign the said shares to the complainant.

The bill states that the complainant engaged with the defendants in a stock speculation upon margins, with no intent to accept stocks bought or deliver stocks sold, but only to gain or lose by the rise and fall of the market, which transactions, it is claimed, are unlawful under the provisions of the first section of the "Act to prevent gaming," approved March 27th, 1874. *2 Gen. Stat. p. 1606; Flagg* v. *Baldwin, 38 N. J. Eq. (11 Stew.) 219; Van Pell* v. *Schauble, 68 N. J. Law (39 Vr.) 638.*

The bill further states that in October, November and December, 1902, upon defendants making demand upon complainant for additional payments to secure his account, complainant delivered to defendants the shares of stock in question, as security and "to make good his marginal account" with the defendants, and that they have had said shares of stock transferred to their names on the books of the respective companies, and have procured certificates thereof in their own names, and that afterward, and about February, 1905, defendants gave notice to complainant that unless he paid them a balance claimed to appear by the account, viz., $19,936.71, with interest, they would sell the said stocks which they had thus acquired.

It was admitted in the argument of the demurrer to the bill that any right which the complainant has or may assert in this proceeding is founded upon the act to prevent gaming, above cited.

If the right claimed by the complainant arises under the fifth section of that act, the bill discloses that the complainant's right has been lost by the lapse of six calendar months after the de-

livery of the stocks, the bringing of such a suit within that period of time being a condition expressed in the proviso to that section. Where it clearly appears on the face of the bill that the complainant's right of action is barred by the statute of limitations, advantage of the statute may be taken by demurrer. *Partridge* v. *Wells, 30 N. J. Eq. (3 Stew.) 176; S. C., 31 N. J. Eq. (4 Stew.) 362; Bird's Administrator* v. *Inslee's Executors, 23 N. J. Eq. (8 C. E. Gr.) 363; Gutch* v. *Fosdick, 48 N. J. Eq. (3 Dick.) 353.* A like rule must apply upon this demurrer. The bill discloses on its face that complainant has no right of action upon the fifth section of the Gaming act.

But an action is also given by the second section of the Gaming act, and there is no expressed limitation of the time within which such action may be brought. It is contended that the proviso to section 5, limiting actions, is equally applicable to the action provided for by section 2. I deem it unnecessary to determine whether this contention can prevail; for, assuming that this bill is founded upon a cause of action such as is given by section 2, and that the lapse of time has not barred the complainant, I think that the bill exhibits complainant's claim as one for which he has a complete remedy at law. The shares of stock which he seeks to obtain have been converted by the defendants. If the transaction in which the shares were delivered to the defendants was a gambling transaction, made unlawful by statute, an action of trover and conversion will give the complainant ample redress. *Van Pelt* v. *Schauble, ubi supra.* There is nothing disclosed in the statements of the bill, or in the nature of the transaction, to indicate any particular equity which would require the intervention of this court.

The demurrer must therefore be sustained.